Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS**
POB 1309
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Richard Renaud

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RICHARD RENAUD**, an individual,<br><br>        Plaintiff,<br>    v.<br><br>**COMMONWEALTH CONSTRUCTION CORPORATION**, a foreign for-profit corporation,<br><br>        Defendant. | Case No. 3:22-cv-01196<br><br>**COMPLAINT**<br><br>**Violation of Fair Labor Standards Act 29 U.S.C. §201 *et seq*.; Wage Claim ORS §652.610**<br><br>**Claim: $29,034.30**<br>**Filing Fee: $402.00**<br><br>**DEMAND FOR JURY TRIAL** |

      Plaintiff Richard Renaud ("Plaintiff"), by and through his attorneys, does hereby state and

allege as follows:

///

///

PAGE 1 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## I.    INTRODUCTION.

1.

This is an employment case involving violations of the Fair Labor Standards Act ("FLSA")

and Oregon Wage and Hour laws by the Defendant Commonwealth Construction Corporation

("Defendant").

Defendant's violations caused Plaintiff to owe back taxes, penalties, and interest to the

State of Oregon for not having withholdings paid to the State of Oregon. This was through no fault

of the Plaintiff. This required Plaintiff to hire a Certified Public Accountant ("CPA") to assist in

recovering the withholdings sent to the wrong state, North Dakota, and fix the tax issue in Oregon.

Additionally, Plaintiff has suffered economic harm in the form of establishing a payment plan with

Oregon to repay the back taxes, penalties, and interest.

## II.    JURISDICTION AND VENUE.

2.

This is an action for violations of the Fair Labor Standards Act brought under 29 U.S.C.

§201 *et seq*. This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C.

§1331. This Court also has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C.

§1367.

3.

Venue in this District is proper under 28 U.S.C. §1391(b) and Local Rule 3-2 because the

Plaintiff is in this District and Division, and the events or omissions giving rise to Plaintiff's claims

occurred within this District and Division.

///

///

PAGE 2 – **COMPLAINT**

**III.    THE PARTIES.**

4.

At all material times herein, Plaintiff was and is a citizen of Oregon residing in Polk County, Oregon. At all material times, Plaintiff was employed by the Defendant.

5.

At all material times herein, Plaintiff was employed by Defendant working remotely and based at his home in Salem, Oregon, from his hire in February 2021, until the present.

6.

At all material times herein, Defendant was doing business in the state of Oregon.

7.

At all material times herein, Defendant was a foreign corporation registered with the Oregon Secretary of State with its Principal Place of Business located in Fond du Lac, Wisconsin.

**IV.    FACTUAL ALLEGATIONS.**

8.

Plaintiff was paid on a salary basis, earning approximately $145,000.00 per year.

9.

Plaintiff has never lived nor worked in North Dakota.

10.

Defendant admits that the Plaintiff's withholdings were incorrectly sent to North Dakota instead of Oregon and have provided a letter to North Dakota indicating that there was an error.

///

///

///

PAGE 3 – **COMPLAINT**

**V.     CLAIMS FOR RELIEF.**

**FIRST CLAIM FOR RELIEF**
**(Violation of 29 U.S.C. §201 *et seq*.)**
**Against DEFENDANT**

11.

Plaintiff incorporates by reference paragraphs 1-10 as fully set forth herein.

12.

Withholding taxes from an employee's paycheck constitutes withholding earned wages from the employee.

13.

When Defendant withheld taxes from Plaintiff's paycheck and sent it to North Dakota without Plaintiff's authorization to do so, this meant Plaintiff was not paid the entire amount of pay he was entitled to.

14.

On or about November 16, 2021, Plaintiff put Defendant on notice that there was a problem with his withholdings being sent to the wrong state.

15.

Defendant supplied paperwork for Plaintiff to complete and assured him the problem would be fixed.

16.

On or about April 22, 2022, Plaintiff again sent notice to Defendant that the problem was still not resolved.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

17.

Accordingly, Defendants failed to pay Plaintiff on the established payday all of the wages to which he was entitled.

18.

On or about May 31, 2022, Plaintiff received a "Statement of Account" from the Oregon Department of Revenue indicating that $10,181.15 in back taxes, penalties, and interest were owed, and after a $2,521.00 credit was applied, Plaintiff owed $7,660.15 in Oregon state income taxes, interest, and penalties.

19.

Because of Defendant's actions, Plaintiff was required to establish a thirty-six (36) month repayment plan with the Oregon Department of Revenue to repay this tax bill.

20.

Plaintiff had to hire a Certified Public Accountant in order to file the appropriate filings with the states of North Dakota and Oregon. This expense was $250.00. Plaintiff will need this Certified Public Accountant in 2023 to file the appropriate forms for tax year 2022.

21.

Plaintiff will incur a total of $900.01 in interest over the thirty-six (36) month repayment plan with the Oregon Department of Revenue to repay the tax bill. (Exhibit 1.)

22.

Under the Fair Labor and Standards Act, the Defendant's untimely payment of all the wages earned, equates to nonpayment of wages.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

23.

Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover the amount of the improperly

withheld and unpaid wages, liquidated damages equal to the amount improperly withheld and

unpaid wages, and reasonable attorney's fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Violation of ORS §652.610)**
**Against DEFENDANT**

24.

Plaintiff incorporates by reference paragraphs 1-23 as fully set forth herein.

25.

In or around November 2021, Plaintiff noticed on his paystub that Defendant was

withholding state income taxes for the state of North Dakota and paying employer portions of tax

to North Dakota. Plaintiff did not notice state income taxes for the state of Oregon being withheld

or paid.

26.

Plaintiff has never lived nor worked in North Dakota.

27.

On or about November 16, 2021, Plaintiff contacted Nicole Joubert Delgado ("Delgado"),

Payroll/HR Specialist for Defendant, and informed her of the issue. Delgado said Plaintiff needed

to complete an Oregon W-4 and she would fix the issue.

28.

On or about November 16, 2021, Delgado emailed Plaintiff and requested he complete the

Oregon W-4.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

29.

Plaintiff completed the Oregon W-4 and emailed it back to Delgado on or about November 16, 2021.

30.

On or about November 17, 2021, Delgado emailed Plaintiff confirming receipt of the Oregon W-4 and stating, "I'm going to make this changes [*sic*] and find out what to do about the past months."

31.

Plaintiff assumed Defendant would fix the mistake and therefore did not check his paystub again until on or about April 8, 2022. At this point, Plaintiff realized the Defendant was still withholding state income taxes for the state of North Dakota and paying employer portions of tax to North Dakota and not to the state of Oregon.

32.

On or about April 22, 2022, Plaintiff emailed Delgado again and stated, "I just went into my ADP and saw that my state and status has not been fixed."

33.

On or about April 25, 2022, Delgado emailed Plaintiff and stated, "I am currently working with ADP to take out North Dakota from your profile . . . I will contact you as soon as this is completed."

34.

On or about May 6, 2022, Plaintiff received a "Notice of Adjustment" from the Oregon Department of Revenue indicating that he had been accumulating interest for unpaid taxes from April 16, 2021, to April 18, 2022.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

35.

On or about May 31, 2022, Plaintiff received a "Statement of Account" from the Oregon Department of Revenue indicating that $10,181.15 in back taxes, penalties, and interest were owed, and after a $2,521.00 credit was applied, Plaintiff owed $7,660.15 in Oregon state income taxes, interest, and penalties.

36.

As of this moment, Plaintiff has not had confirmation from Defendant that the issue is resolved or fixed, even though he brought it to Defendant's attention as early as November 16, 2021.

37.

Because of Defendant's actions, Plaintiff was required to establish a thirty-six (36) month repayment plan with the Oregon Department of Revenue to repay this tax bill.

38.

Plaintiff had to hire a Certified Public Accountant in order to file the appropriate filings with the states of North Dakota and Oregon. This expense was $250.00. Plaintiff will need this Certified Public Accountant in 2023, to file the appropriate forms for tax year 2022.

39.

Plaintiff has suffered economic damages in the form of back taxes owed to Oregon, interest on the back taxes, and the cost of hiring a Certified Public Accountant to fix the issue with the 2021 tax filing. Additionally, Plaintiff will have to hire a Certified Public Accountant to fix the issue the 2022 tax filing when he files in 2023.

///

///

PAGE 8 – **COMPLAINT**

40.

Plaintiff will incur a total of $900.01 in interest over the thirty-six (36) month repayment

plan with the Oregon Department of Revenue to repay the tax bill. (Exhibit 1.)

41.

Pursuant to ORS §652.615, Plaintiff is entitled to costs and disbursements, and reasonable

attorney fees.

WHEREFORE, Plaintiff prays for judgment in his favor, and against Defendant, awarding

Plaintiff economic damages as determined at trial, but not less than $14,517.15, together with

liquated damages equal to the amount of improperly withheld and unpaid wages, but not less than

$14,517.15, Plaintiff's costs, disbursements, and attorney fees under 29 U.S.C. §216 and

ORS §652.615, and for such other relief the Court deems equitable and just.

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 15th day of August 2022.

EMPLOYMENT LAW PROFESSIONALS

By:     */s/ Andrew T. Mittendorf*
        Andrew T. Mittendorf, OSB #205394
        Email: andrew@elpnw.com
        Randy J. Harvey, OSB #116714
        Email: randy@elpnw.com
        Jameson E. Gideon, OSB #202871
        Email: jameson@elpnw.com
        **EMPLOYMENT LAW PROFESSIONALS**
        POB 1309
        20015 SW Pacific Hwy., Suite 221
        Sherwood, Oregon 97140
        Tel: 503-822-5340
        Facsimile: 503-433-1404

        Of Attorneys for Plaintiff Richard Renaud



## Confirmation

Your Web Payment Plan has been submitted and your confirmation number is **1-591-677-056.**

Payment plan for: RICHARD H. RENAUD
To be paid from:  OREGON STATE CREDIT UNION *****4903

Please print the payment schedule below for your records.

| Sequence | Due | Balance | Interest | Penalty | Payment | Remaining Balance |
|---|---|---|---|---|---|---|
| 1 | 6/17/2022 | $7,679.67 | $12.49 | $0.00 | $238.38 | $7,453.78 |
| 2 | 7/17/2022 | $7,453.78 | $23.42 | $0.00 | $238.38 | $7,238.82 |
| 3 | 8/17/2022 | $7,238.82 | $37.47 | $0.00 | $238.38 | $7,037.91 |
| 4 | 9/17/2022 | $7,037.91 | $47.82 | $0.00 | $238.38 | $6,847.35 |
| 5 | 10/17/2022 | $6,847.35 | $45.02 | $0.00 | $238.38 | $6,653.99 |
| 6 | 11/17/2022 | $6,653.99 | $45.21 | $0.00 | $238.38 | $6,460.82 |
| 7 | 12/17/2022 | $6,460.82 | $42.48 | $0.00 | $238.38 | $6,264.92 |
| 8 | 1/17/2023 | $6,264.92 | $42.56 | $0.00 | $238.38 | $6,069.10 |
| 9 | 2/17/2023 | $6,069.10 | $41.23 | $0.00 | $238.38 | $5,871.95 |
| 10 | 3/17/2023 | $5,871.95 | $36.03 | $0.00 | $238.38 | $5,669.60 |
| 11 | 4/17/2023 | $5,669.60 | $38.52 | $0.00 | $238.38 | $5,469.74 |
| 12 | 5/17/2023 | $5,469.74 | $35.97 | $0.00 | $238.38 | $5,267.33 |
| 13 | 6/17/2023 | $5,267.33 | $35.79 | $0.00 | $238.38 | $5,064.74 |
| 14 | 7/17/2023 | $5,064.74 | $33.30 | $0.00 | $238.38 | $4,859.66 |
| 15 | 8/17/2023 | $4,859.66 | $33.02 | $0.00 | $238.38 | $4,654.30 |
| 16 | 9/17/2023 | $4,654.30 | $31.62 | $0.00 | $238.38 | $4,447.54 |
| 17 | 10/17/2023 | $4,447.54 | $29.24 | $0.00 | $238.38 | $4,238.40 |
| 18 | 11/17/2023 | $4,238.40 | $28.79 | $0.00 | $238.38 | $4,028.81 |
| 19 | 12/17/2023 | $4,028.81 | $26.49 | $0.00 | $238.38 | $3,816.92 |
| 20 | 1/17/2024 | $3,816.92 | $25.94 | $0.00 | $238.38 | $3,604.48 |
| 21 | 2/17/2024 | $3,604.48 | $24.49 | $0.00 | $238.38 | $3,390.59 |
| 22 | 3/17/2024 | $3,390.59 | $21.55 | $0.00 | $238.38 | $3,173.76 |
| 23 | 4/17/2024 | $3,173.76 | $21.56 | $0.00 | $238.38 | $2,956.94 |
| 24 | 5/17/2024 | $2,956.94 | $19.44 | $0.00 | $238.38 | $2,738.00 |
| 25 | 6/17/2024 | $2,738.00 | $18.60 | $0.00 | $238.38 | $2,518.22 |
| 26 | 7/17/2024 | $2,518.22 | $16.55 | $0.00 | $238.38 | $2,296.39 |
| 27 | 8/17/2024 | $2,296.39 | $15.60 | $0.00 | $238.38 | $2,073.61 |

**Renaud v. Commonwealth Construction Co.**
**USDC Case No. 3:22-cv-01196**
**EXHIBIT 1**
**Page 1 of 2**

| 28 | 9/17/2024 | $2,073.61 | $14.09 | $0.00 | $238.38 | $1,849.32 |
| 29 | 10/17/2024 | $1,849.32 | $12.16 | $0.00 | $238.38 | $1,623.10 |
| 30 | 11/17/2024 | $1,623.10 | $11.03 | $0.00 | $238.38 | $1,395.75 |
| 31 | 12/17/2024 | $1,395.75 | $9.18 | $0.00 | $238.38 | $1,166.55 |
| 32 | 1/17/2025 | $1,166.55 | $7.93 | $0.00 | $238.38 | $936.10 |
| 33 | 2/17/2025 | $936.10 | $6.36 | $0.00 | $238.38 | $704.08 |
| 34 | 3/17/2025 | $704.08 | $4.32 | $0.00 | $238.38 | $470.02 |
| 35 | 4/17/2025 | $470.02 | $3.20 | $0.00 | $238.38 | $234.84 |
| 36 | 5/17/2025 | $234.84 | $1.54 | $0.00 | $236.38 | $0.00 |

I (we) have authorized the Oregon Department of Revenue to debit my (our) bank account on the payment dates for the amounts agreed to in my (our) ACH Debit Plan on file with the Department of Revenue. I (we) acknowledge that the origination of the ACH transactions to my (our) account must comply with the provisions of state and U.S. law. The Department of Revenue and I (we) agree to abide by all applicable ACH operating rules in effect from time to time.

This agreement is to remain in full force and effect until the department has received written notification from me (or either of us) of its termination. This agreement may be terminated by the department.

This is only the payment request. Review your bank statement to confirm that each transaction was successful.

 Need help? Contact us.

This satisfies the requirement for responding to the payment agreement letter.



## Survey

We value your feedback! Please take a moment to fill out our brief survey on your experience. Typically, the survey will take 2-3 minutes to complete. We actively use feedback to constantly improve our delivery and provide you with the best possible service.